UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL W. RANNELS,<br><br>          Plaintiff,<br><br>     v.<br><br>SMITH, et al.,<br><br>          Defendants. | Case No. 1:21-cv-00049-ADA-SKO (PC)<br><br>**ORDER DISCHARGING ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE DISMISSED FOR FAILURE TO OBEY COURT ORDERS**<br><br>**ORDER DIRECTING PLAINTIFF TO FILE SECOND AMENDED COMPLAINT WITHIN 21 DAYS**<br><br>**ORDER DIRECTING CLERK OF THE COURT TO RE-SERVE SECOND SCREENING ORDER**<br><br>**ORDER DENYING REQUEST FOR THE APPOINTMENT OF COUNSEL** |

Plaintiff Daniel W. Rannels is proceeding *pro se* in this civil rights action brought pursuant to 42 U.S.C. § 1983.

**I.     RELEVANT PROCEDURAL BACKGROUND**

On February 2, 2023, the Court issued its Second Screening Order. (Doc. 19.) The Court determined Plaintiff's first amended complaint failed to state a claim upon which relief could be granted. (*Id*. at 4-7.) The Court directed Plaintiff to file a second amended complaint curing the deficiencies identified in the order, or to file a notice of voluntary dismissal within 21 days of service of the order. (*Id*. at 7-8.)

A February 16, 2023, docket entry reflects Plaintiff did not receive the second screening order because it was returned by the United States Postal Service marked "Undeliverable." (*See* Docket Entry dated 2/16/23.)

On April 3, 2023, the Court issued its Order To Show Cause (OSC) Why Action Should Not Be Dismissed For Failure To Obey Court Orders. (Doc. 3.) Plaintiff was provided 21 days within which to file a response to the OSC, or, alternatively, to file a second amended complaint or notice of voluntary dismissal. (*Id.*)

On April 27, 2023, Plaintiff filed a response to the OSC. (Doc. 23.) Plaintiff states he "never received [the] Second Screening Order," noting the last correspondence he received from the Court was "a change of the District Judge appointed." (*Id.* at 1.) Plaintiff asserts he "did give change of address and received mail" from the Court. (*Id.* at 2.) He repeats he did not receive the Second Screening Order and asks that the Court appoint counsel to represent him "for further procedure." (*Id.*) Plaintiff also alleges his injuries "have worsened since no pain management treatment have been received." (*Id.*)

**II.   DISCUSSION**

**A. Plaintiff's Obligation To Keep Court Apprised Of Current Address**

Local Rule 182(f) provides that a "pro se party is under a continuing duty to notify the Clerk and all other parties of any change of address …. Absent such notice, service of documents at the prior address of the … pro se party shall be fully effective." And, as Plaintiff as advised in this Court's First Informational Order In Prisoner/Civil Detainee Civil Rights Case issued January 13, 2021: "A pro se plaintiff must keep the Court and opposing parties informed of the party's correct current address. Local Rule 182(f). If a party moves to a different address without filing and serving notice of a change of address, *documents served at a party's old address shall be deemed received even if not actually received*. (Id.)." (Doc. 3 at 5, emphasis added.)

Plaintiff contends in his response to the OSC that he "did give a change of address." The Court's records do not support his claim. When Plaintiff filed his original complaint on January 13, 2021, he was housed at the Sierra Conservation Center (SCC) in Jamestown. (Doc. 1.) On April. 21, 2021, an Order Adopting Findings and Recommendations, served to Plaintiff at SCC

2

on March 24, 2021, was returned by the United States Postal Service marked "Undeliverable, Not Deliverable as Addressed." (Docket Entry dated 4/12/21.) A May 6, 2021, Order re consent was returned and marked "Undeliverable, OTC" on May 24, 2021. (Docket Entry dated 5/24/21.) Plaintiff's address of record remained unchanged because he did not file a notice of change of address. On November 15, 2021, the Court issued its First Screening Order. (Doc. 14.) Plaintiff responded by filing a First Amended Complaint on December 9, 2021; the amended complaint reflects Plaintiff remained housed at SCC. (Doc. 15.)

The Court issued three orders concerning reassignment of this case to District Judges which were served on Plaintiff at SCC between January and August 2022. (Docs. 16-18.) These orders were received by Plaintiff as noted in his response to the OSC.

On February 2, 2023, the Court issued its Second Screening Order, again serving Plaintiff at the address on file with the Court. (Doc. 19.) On February 16, 2023, that order was returned by the United States Postal Service marked "Undeliverable." (Docket Entry dated 2/16/23.)

Despite asserting he "filed a change of address" with the Court, Plaintiff has not done so as required by the Local Rules. Until Plaintiff's response to the OSC was received by the Court, the address for Plaintiff remained the SCC. Plaintiff fails to explain why he did not file a notice of change of address between February 16, 2023—when he was no longer housed at SCC—and April 27, 2023, when he responded to the OSC.  He notes only at the bottom of the response to the OSC that he is now housed at Valley State Prison in Chowchilla.

Plaintiff is advised again that if he fails to file a Notice of Change of Address[1] following a move, the address then on file with the Court is considered current and any documents served to that address will be deemed received by Plaintiff whether he actually received them or not. Any time Plaintiff is moved, it is his obligation to file a Notice of Change of Address with the Court. Otherwise, as Plaintiff has been warned previously, he risks dismissal of this action for a failure to obey Court orders.

---

[1] A blank Notice of Change of Address form was provided to Plaintiff on January 13, 2021. (*See* Doc. 3 at 7 [First Informational Order].)

3

**B.     Plaintiff's Shall File A Second Amended Complaint Within 21 Days**

In his response to the OSC, Plaintiff asserts he never received this Court's Second Screening Order (*see* Doc. 23), and the docket reflects the Second Screening Order was returned to the Court marked "Undeliverable" on February 16, 2023 (*see* Docket Entry dated 2/16/23.) While the Local Rules provide the Second Screening Order was "deemed received [by Plaintiff] even if not actually received," Plaintiff will be provided with an opportunity to respond to the Second Screening Order. The Court will direct the Clerk of the Court to serve a copy of that Order to Plaintiff at VSP. Plaintiff shall respond by filing a second amended complaint within 21 days or, alternatively, he may file a notice of voluntary dismissal.

**C.     Plaintiff's Request for the Appointment of Counsel**

In his response to the OSC, Plaintiff asks the Court to appoint counsel. (Doc. 23 at 2.) Plaintiffs do not have a constitutional right to appointed counsel in § 1983 actions. *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *rev'd in part on other grounds*, 154 F.3d 952, 954 n.1 (9th Cir. 1998). Nor can the Court require an attorney to represent a party under 28 U.S.C. § 1915(e)(1). *See Mallard v. U.S. Dist. Court*, 490 U.S. 296, 304-05 (1989). However, in "exceptional circumstances," the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525.

Given that the Court has no reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in extraordinary cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Rand*, 113 F.3d at 1525 (internal quotation marks & citations omitted).

Here, the Court does not find the required exceptional circumstances. Even assuming Plaintiff is not well versed in the law and has made serious allegations that, if proven, would entitle him to relief, Plaintiff's case is not exceptional. The Court is faced with similar cases almost daily. While the Court recognizes that Plaintiff is at a disadvantage due to his *pro se* status and his incarceration, the test is not whether Plaintiff would benefit from the appointment of

counsel. *See Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). The test is whether exceptional circumstances exist; here, they do not. Indeed, circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel. *See, e.g.*, *Faultry v. Saechao*, 2020 WL 2561596, at *2 (E.D. Cal., May 20, 2020) (stating that "[c]ircumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances supporting appointment of counsel"); *see also Rand*, 113 F.3d at 1525 (finding no abuse of discretion under 28 U.S.C. § 1915(e) when district court denied appointment of counsel despite fact that pro se prisoner "may well have fared better-particularly in the realm of discovery and the securing of expert testimony").

At this stage in the proceedings, Plaintiff has not yet presented a viable constitutional claim and the Court cannot determine whether Plaintiff is likely to succeed on the merits. While Plaintiff's first amended complaint has been screened as required by 28 U.S.C. § 1915A(a), the Court determined Plaintiff had failed to state a claim upon which relief could be granted. (Doc. 19.) The Court explained in its Second Screening Order the deficiencies present in Plaintiff's three claims and advised Plaintiff he would be afforded one final opportunity to amend his complaint to cure the deficiencies identified. (*Id.* at 4-7.)

Finally, the Court finds Plaintiff can articulate his claims. In its First Screening Order issued November 15, 2021, the Court determined Plaintiff has failed to state a claim upon which relief could be granted.  (Doc. 14.)  Plaintiff responded to the Court's Order by filing a First Amended Complaint on December 9, 2021, and tried to correct the deficiencies identified. While he has been unsuccessful in asserting a cognizable constitutional claim or claims, there is no basis to find Plaintiff is unable to do so at this stage of the proceedings, and Plaintiff will be afforded an opportunity to file a second amended complaint.

In sum, Plaintiff faces challenges and circumstances faced by most *pro se* prisoner litigants. Nevertheless, those circumstances are not exceptional and do not warrant the appointment of counsel. *Rand*, 113 F.3d at 1525.

### III. CONCLUSION AND ORDER

For the reasons set forth above, the Court hereby **ORDERS** as follows:

1. The OSC issued April 3, 2023 (Doc. 20) is **DISCHARGED**;
2. The Clerk of the Court is **DIRECTED** to serve Plaintiff with a copy of the Second Screening Order (Doc. 19) at his address now on file with the Court, to wit: Valley State Prison, P.O. Box 92, in Chowchilla, California;
3. Plaintiff **SHALL** file a second amended complaint or a notice of voluntary dismissal **within 21 days of the date of service of this order**; and
4. Plaintiff's request for the appointment of counsel is **DENIED**.

**WARNING: Failure to comply with Court orders will result in a recommendation that this action be dismissed without prejudice for Plaintiff's failure to obey court orders and failure to prosecute.**

IT IS SO ORDERED.

Dated: **April 28, 2023**          /s/ *Sheila K. Oberto*
                                   UNITED STATES MAGISTRATE JUDGE