UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL W. RANNELS,<br><br>        Plaintiff,<br><br>   v.<br><br>SMITH, et al.,<br><br>        Defendants. | Case No. 1:21-cv-00049-ADA-SKO (PC)<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL**<br><br>(Doc. 30) |

Plaintiff Daniel W. Rannels is proceeding pro se in this civil rights action brought pursuant to 42 U.S.C. § 1983.

**I.    INTRODUCTION**

Plaintiff filed his second amended complaint on June 22, 2023. (Doc. 28.)

On December 1, 2023, the Court issued its Order of Temporary Reassignment to No District Court Judge (NODJ) in this action. (Doc. 29.)

On January 19, 2024, Plaintiff filed a document titled "Notice to Court." (Doc. 30.) Plaintiff states he "finds it necessary denying consent to an order being made by (NODJ/Order) magistrate, and this is NOTICE TO THE COURT that, I will wait for a District Judge to be assigned to case … until further NOTICE that does not bear the initials (NODJ) or until such time that a newly appointed District Judge be assigned." (*Id*.)  Plaintiff requests that the Court appoint counsel to represent him as he is "unschooled in Federal Court Rules to be assured" his rights are

protected and because "there are many different changes that occur in these proceedings in order to stay on par to prevent unnecessary default, and to be protected equally under the law." (*Id.*)

## II.  DISCUSSION

<u>Temporary Reassignment to No District Judge (NODJ)</u>

Plaintiff is advised this action will proceed with the temporary NODJ designation. To the extent Plaintiff contends that his notice to the court relieves him of his obligation to continue prosecuting this action, that is incorrect.

As stated in the Court's interim plan concerning cases in the Fresno Division of the United States District Court for the Eastern District of California, following Judge Ana de Alba's elevation to the Ninth Circuit Court of Appeals, "Chief [District Judge Kimberly J.] Mueller will handle all case management matters requiring a district judge's approval" pending the appointment of Judge Ana de Alba's replacement.[1] Therefore, pending actions in this Court will continue to proceed in accordance with the interim plan.

To the extent Plaintiff's notice seeks to revoke consent to magistrate judge jurisdiction, the Court notes that Plaintiff has neither consented to nor declined magistrate judge jurisdiction. Even had Plaintiff filed a consent form, the procedural posture of this action would not change. Magistrate judge jurisdiction occurs only after *all* parties have consented to the jurisdiction of a magistrate judge. 28 U.S.C. § 636(c)(1). Here, no defendant has appeared in this action, nor has any defendant been served with process. Therefore, both a district judge and a magistrate judge remain assigned to this case.

Plaintiff's second amended complaint awaits screening by the Court as required by 28 U.S.C. § 1915A(a). The undersigned will screen the second amended complaint in due course.

<u>Request to Appoint Counsel</u>

Plaintiff also requests that this Court appoint counsel to represent him in this action. (Doc. 30.) Plaintiffs do not have a constitutional right to appointed counsel in section 1983 actions. *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *rev'd in part on other grounds*, 154 F.3d 952, 954 n.1 (9th Cir. 1998). Nor can the Court require an attorney to represent a party under 28

---

[1] https://www.caed.uscourts.gov/caednew/assets/File/CAED%20Interim%20Plan%20Fresno%20Final.pdf.

U.S.C. § 1915(e)(1). *See Mallard v. U.S. Dist. Court*, 490 U.S. 296, 304-05 (1989). However, in "exceptional circumstances," the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525.

Given that the Court has no reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in extraordinary cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Rand*, 113 F.3d at 1525 (internal quotation marks & citations omitted).

The Court must evaluate the likelihood of Plaintiff's success on the merits of his claims. Here, Plaintiff's second amended complaint has not yet been screened. Therefore, it is premature to make such a determination. *See Reed v. Buckel*, No. 1:23-cv-01431-ADA-BAM (PC), 2023 WL 6991224, at *2 (E.D. Cal. Oct. 23, 2023) ("As Plaintiff's complaint has not yet been screened, the Court cannot find that Plaintiff has shown a likelihood of success on the merits"); *see also Porter v. Rivas*, No. 1:23-cv-00105-ADA-CDB (PC), 2023 WL 4765492, at *1 (E.D. Cal. July 26, 2023) ("A likelihood of success on the merits determination is not the same as that required at screening; at screening, the Court is tasked with determining whether a plaintiff has sufficiently and plausibly alleged a cause of action or claim entitling the plaintiff to relief. The merits of the allegations are not tested, for the Court is to consider factual allegations to be true for purposes of screening").

The Court must also evaluate Plaintiff's ability to articulate his claims pro se in light of the complexity of the legal issues involved. Here, the Court notes that Plaintiff's filings as directed by the Court have been responsive to the Court's directions and reflect Plaintiff is logical and articulate. (*See* Docs. 10, 15, 23, 25 & 28.) In its Second Screening Order, the Court determined Plaintiff alleged three Eighth Amendment deliberate indifference to serious medical needs claims. Plaintiff was apprised of the deficiencies of his claims and was provided the relevant legal standards applicable to such claims so that he may cure those deficiencies. Those claims are not complex. *Bonin v. Vasquez*, 999 F.2d 425, 428–29 (9th Cir. 1993) (while Plaintiff

1  may have limited knowledge of the law, the Court does not find the issues in this case "so
2  complex that due process violations will occur absent the presence of counsel"); *see also*, *e.g.*,
3  *Maldanado v. Merritt*, No. 1:23-cv-00482-JLT-SKO PC, 2023 WL 6751114, at *3 (E.D. Cal.
4  Oct. 12, 2023) ("Considering the legal issues involved – the medical care provided during
5  Plaintiff's incarceration – the Court finds Plaintiff able to articulate his claims in light of their
6  complexity… Eighth Amendment deliberate indifference to serious medical needs claims are not
7  complex"); *Lane v. Beach*, No. 1:20-cv-00147-JLT-GSA-PC, 2023 WL 4936300, at *1 (E.D. Cal.
8  Aug. 2, 2023) ("the legal issue in this case -- whether defendant Beach was deliberately
9  indifferent to Plaintiff's serious medical needs -- is not complex"). At this stage of the
10 proceedings, the Court finds Plaintiff is able to articulate his claims pro se in light of the
11 complexity of the legal issues involved.
12     Plaintiff is advised that neither incarceration nor indigency are exceptional circumstances
13 warranting the appointment of counsel. *See Tri v. Gutierrez*, No. 1:22-cv-00836-ADA-SKO (PC),
14 2034 WL 6930783, at *4 (E.D. Cal. Oct. 18, 2023); *Dijkstra v. Campos*, No. 1:21-cv-01223-
15 HBK, 2022 WL 222518, at *1 (E.D. Cal. Jan. 25, 2022) ("Plaintiff's indigence does not qualify
16 'as an exceptional circumstance in a prisoner civil rights case'"); *Gipbsin v. Kernan*, No. 2:12-cv-
17 0556 KJM DB P, 2021 WL 242570, at *2 (E.D. Cal. Jan. 25, 2021) ("Plaintiff's inability to afford
18 counsel has no bearing on either his likelihood of success on the merits or his ability to articulate
19 his claims pro se"); *Callender v. Ramm*, No. 2:16-cv-0694 JAM AC P, 2018 WL 6448536, at *3
20 (E.D. Cal. Dec. 10, 2018); *Montano v. Solomon*, No. 2:07-cv-0800 KJN P, 2010 WL 2403389, at
21 *2 (E.D. Cal. June 11, 2010).  Nor is limited access to the law library an exceptional circumstance
22 because limited law library access is a circumstance common to most prisoners. *Maldanado v.
23 Merritt*, No. 1:23-cv-00482-JLT-SKO PC, 2023 WL 6751114, at *3 (E.D. Cal. Oct. 12, 2023);
24 *Escamilla v. Oboyle*, No. 2:22-cv-2038 KJM AC P, 2023 WL 2918028, at *1 (E.D. Cal. Apr. 12,
25 2023) ("Circumstances common to most prisoners, such as a lack of legal education and limited
26 law library access, do not establish exceptional circumstances that would warrant a request for
27 voluntary assistance of counsel"). To the extent a plaintiff's access to the law library is restricted
28 due staff shortages, the Court will entertain motions for additional time to comply with deadlines

in this case, for good cause shown. Such restrictions, however, are not a basis for the appointment of counsel. *Faultry v. Saechao*, No. 2:18-cv-1850 KJM AC P, 2020 WL 2561596, at *2 (E.D. Cal., May 20, 2020).

Finally, the fact an attorney would be better prepared to litigate and try this action, does not amount to an exceptional circumstance warranting the appointment of counsel. *See Rand*, 113 F.3d at 1525 (finding no abuse of discretion under 28 U.S.C. § 1915(e) when district court denied appointment of counsel despite fact that pro se prisoner "may well have fared better-particularly in the realm of discovery and the securing of expert testimony"); *Courtney v. Kandel*, No. 2:18-CV-2052-KJM-DMC-P, 2020 WL 1432991, at *1 (E.D. Cal. Mar. 24, 2020) (challenges conducting discovery and preparing for trial "are ordinary for prisoners pursuing civil rights claim" and cannot form the basis for appointment of counsel); *Thornton v. Schwarzenegger*, No. 10CV01583 BTM RBB, 2011 WL 90320, at *7 (S.D. Cal. Jan. 11, 2011) (explaining that "[f]actual disputes and anticipated cross-examination of witnesses do not indicate the presence of complex legal issues warranting a finding of exceptional circumstances"). Also, there is little doubt most pro se litigants "find it difficult to articulate [their] claims," and would be better served with the assistance of counsel. *Wilborn*, 789 F.2d at 1331. For this reason, in the absence of counsel, federal courts employ procedures which are highly protective of a pro se litigant's rights. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding pro se complaint to less stringent standard) (per curiam). In fact, where a plaintiff appears pro se in a civil rights case, the court must construe the pleadings liberally and afford the plaintiff any benefit of the doubt. *Karim–Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). The rule of liberal construction is "particularly important in civil rights cases." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992). Thus, where a pro se litigant can "articulate his claims" in light of the relative complexity of the matter, the "exceptional circumstances" which might require the appointment of counsel do not exist. *Wilborn*, 789 F.2d at 1331; accord *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009).

In sum, the Court finds no exceptional circumstances warranting the appointment of counsel in this matter. *Rand*, 113 F.3d at 1525.

### III. CONCLUSION AND ORDER

For the foregoing reasons, Plaintiff's motion for the appointment of counsel (Doc. 30) is **DENIED**.

IT IS SO ORDERED.

Dated:  **January 26, 2024**                    /s/ *Sheila K. Oberto*
                                                                    UNITED STATES MAGISTRATE JUDGE