UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL W. RANNELS,<br><br>            Plaintiff,<br><br>      v.<br><br>SMITH, et al.,<br><br>            Defendants. | Case No. 1:21-cv-00049-NODJ-SKO (PC)<br><br>**ORDER TO SHOW CAUSE WHY DEFENDANTS PUYAGOYA AND SOMMERS SHOULD NOT BE DISMISSED FROM THIS ACTION FOR FAILURE TO PROVIDE SUFFICIENT INFORMATION TO EFFECTUATE SERVICE**<br><br>**30-DAY DEADLINE** |

Plaintiff Daniel W. Rannels is proceeding pro se in this civil rights action brought pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's Eighth Amendment deliberate indifference to serious medical needs claims against Defendants Smith, Tortrice, Sommers and Puyagoya.

**I.      BACKGROUND**

Following screening of the second amended complaint, this Court issued its Order Finding Service Appropriate on February 5, 2024. (Doc. 33.) Service of Defendants Steve Smith, Stoc Tortrice, Sommers and Puyagoya was to be effected under the Court's e-service pilot program. (*Id*. at 1-2.) The Order included the following information regarding Defendants Puyagoya and Sommers: "**Puyagoya**, allegedly employed as a doctor at the [Sierra Conservation Center in

Jamestown, California ('SCC')] in 2018 and/or 2019" and "**Sommers**, allegedly employed as a doctor at the SCC in 2018 and/or 2019." (*Id*. at 2, emphasis in original.)

On February 9, 2024,[1] the Court received a notice of intent not to waive personal service as to Defendants Puyagoya and Sommers because neither could be identified. (Doc. 36 ["Unable to Identify"].) On February 23, 2024, the United States Marshal advised the Court that service could not be effected on Defendants Puyagoya and Sommers because despite reaching out to the litigation coordinator at SCC neither individual could be identified based upon the information provided. (Doc. 37.)

## II.   DISCUSSION AND ORDER

Federal Rule of Civil Procedure 4(m) provides as follows:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

In cases involving a plaintiff proceeding *in forma pauperis*, the Marshal, upon order of the court, shall serve the summons and the complaint. Fed. R. Civ. P. 4(c)(3). "[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint, and . . . should not be penalized by having his or her action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform the duties required of each of them . . . ." *Puett v. Blandford*, 912 F.2d 270, 275 (9th Cir. 1990). "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is 'automatically good cause . . . .'" *Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994), abrogated on other grounds by *Sandin v. Connor*, 515 U.S. 472 (1995).  When a pro se plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, the Court's *sua sponte* dismissal of

---

[1] Also on February 9, 2024, the Court received a notice of intent to waive personal service for Defendants Smith and Tortrice. (Doc. 35.) Accordingly, the Court anticipates waivers as to these Defendants will be filed in due course.

the unserved defendant is appropriate. *Walker*, 14 F.3d at 1421-22.

Here, the United States Marshal has attempted to serve Defendants Puyagoya and Sommers. The Marshal was advised that neither Puyagoya nor Sommers could be identified as being employed at SCC based upon the information provided. Therefore, Plaintiff has failed to provide the Marshal with accurate and sufficient information to effect service of the summons and Plaintiff's second amended complaint on Defendants Puyagoya and Sommers. *Walker*, 14 F.3d at 1421-22. It is his obligation to do so. *Id*. at 1422. If Plaintiff is unable to provide the United States Marshal with the necessary information to locate these individuals, Defendants Puyagoya and Sommers shall be dismissed from this action, without prejudice, pursuant to Rule 4 of the Federal Rules of Civil Procedure.

Pursuant to Rule 4(m), the Court will provide Plaintiff with the opportunity to show cause why Defendants Puyagoya and Sommers should not be dismissed from the action at this time. Plaintiff may respond to this order by providing additional information[2] that will assist the United States Marshal in locating Defendants Puyagoya and Sommers for service of process.

Based on the foregoing, **IT IS HEREBY ORDERED** that:

1. **Within thirty (30) days** from the date of service of this order, Plaintiff shall show cause why Defendants Puyagoya and Sommers should not be dismissed from this action; and
2. **The failure to respond to this order or the failure to show cause will result in the dismissal of any unidentified defendant from this action, due to Plaintiff's failure to serve process pursuant to Federal Rule of Civil Procedure 4(m).**

IT IS SO ORDERED.

Dated:   **February 26, 2024**             /s/ *Sheila K. Oberto*
                                    UNITED STATES MAGISTRATE JUDGE

---

[2] Helpful additional information might include, for example, first names or initials, badge numbers, or physical descriptions.

3