UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL W. RANNELS,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>SMITH, et al.,<br><br>　　　　　Defendants. | Case No. 1:21-cv-00049-KES-SKO (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS DEFENDANTS PUYAGOYA AND SOMMERS**<br><br>**14-DAY OBJECTION PERIOD** |

Plaintiff Daniel W. Rannels is proceeding pro se in this civil rights action brought pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's Eighth Amendment deliberate indifference to serious medical needs claims against Defendants Smith, Tortrice, Sommers and Puyagoya.

**I.     INTRODUCTION**

Following screening of the second amended complaint, this Court issued its Order Finding Service Appropriate on February 5, 2024. (Doc. 33.) Service of Defendants Steve Smith, Stoc Tortrice, Sommers and Puyagoya was to be effected under the Court's e-service pilot program. (*Id*. at 1-2.) The Order included the following information regarding Defendants Puyagoya and Sommers: "**Puyagoya**, allegedly employed as a doctor at the [Sierra Conservation Center in Jamestown, California ('SCC')] in 2018 and/or 2019" and "**Sommers**, allegedly employed as a doctor at the SCC in 2018 and/or 2019." (*Id*. at 2, emphasis in original.)

1   On February 9, 2024,[1] the Court received a notice of intent not to waive personal service as to Defendants Puyagoya and Sommers because neither could be identified. (Doc. 36 ["Unable to Identify"].) On February 23, 2024, the United States Marshal advised the Court that service could not be effected on Defendants Puyagoya and Sommers because despite reaching out to the litigation coordinator at SCC, neither individual could be identified based upon the information provided. (Doc. 37.)

On February 27, 2024, the Court issued its Order To Show Cause ("OSC") In Writing Why Defendants Puyagoya And Sommers Should Not Be Dismissed From This Action For Failure To Provide Sufficient Information To Effect Service. (Doc. 38.) Plaintiff was to provide a written response within 30 days of the date of service of the OSC. (*Id.* at 3.) Plaintiff was advised he could respond to the OSC "by providing additional information that will assist the United States Marshal in locating Defendants Puyagoya and Sommers for service of process." (*Id.*)

On March 14, 2024, Plaintiff filed a document titled "Plaintiff In The Interest Of The Court Claimant Dismisses Defendants Puyagoya And Summers From This Action In The Interest Of Justice From This Civil Action 42 U.S.C. 1983." (Doc. 41.) Plaintiff seeks to dismiss Defendants Puyagoya and Sommers "effective immediately" and to "dismiss the civil complaint action against" them. (*Id.*) He states: "on my own consent to dismiss complaints against Puyagoya and [Sommers] without prejudice." (*Id.*)

**II.   DISCUSSION**

The Court construes Plaintiff's March 14, 2024, filing to be a notice of willingness to proceed on his Eighth Amendment deliberate indifference to serious medical needs claims against Defendants Smith and Tortrice, and to dismiss his claims against Defendants Puyagoya and Sommers. Accordingly, the Court will recommend this action proceed only Plaintiff's Eighth Amendment deliberate indifference to serious medical needs claims against Defendants Smith and Tortrice and recommend the dismissal, without prejudice, of Defendants Puyagoya and Sommers from this action.

---

[1] Also on February 9, 2024, the Court received a notice of intent to waive personal service for Defendants Smith and Tortrice. (Doc. 35.) Thereafter, Defendants Smith and Tortrice waived service of process; a responsive pleading on their behalf is due to be filed no later than April 9, 2024. (Doc. 39.)

### III. CONCLUSION AND RECOMMENDATIONS

For the reasons set forth above, the Court **RECOMMENDS**:

1. This action **PROCEED** *only* on Plaintiff's Eighth Amendment deliberate indifference to serious medical needs claims against Defendants Smith and Tortrice; and

2. That Defendants Puyagoya and Sommers be **DISMISSED**, without prejudice, from this action.

These Findings and Recommendations will be submitted to the district judge assigned to this case, pursuant to 28 U.S.C. § 636(b)(l). **Within 14 days** of the date of service of these Findings and Recommendations, a party may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may result in waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **March 15, 2024**              /s/ *Sheila K. Oberto*
                                        UNITED STATES MAGISTRATE JUDGE