UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

DANIEL W. RANNELS,

Plaintiff,

v.

SMITH, et al.,

Defendants.

Case No. 1:21-cv-00049-KES-SKO (PC)

**ORDER GRANTING DEFENDANTS' MOTION TO STAY**

(Doc. 53)

**ORDER DENYING PLAINTIFF'S MOTIONS FILED SEPTEMBER 20, 2024**

(Docs. 54 & 55)

Plaintiff Daniel W. Rannels is proceeding pro se in this civil rights action brought pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's Eighth Amendment deliberate indifference to serious medical needs claims against Defendants Smith and Tortrice. (*See* Doc. 48.)

## I. INTRODUCTION

The Court issued its Discovery and Scheduling Order on May 21, 2024. (Doc. 51.)

Defendants filed a summary judgment motion concerning the exhaustion of administrative remedies on August 21, 2024. (Doc. 52.) On August 29, 2024, Defendants filed a "Motion to Stay Discovery and to Modify the Discovery and Scheduling Order." (Doc. 53.)

On September 20, 2024, Plaintiff filed a document titled "Motion to the Court to Set Trial Date to Oppose Declaration of Howard E. Mosley to Prove Summary Judgment (Exhaustion)."

(Doc. 54.) Plaintiff concurrently filed a document titled "Plaintiff's Respond Motion for the Court to Proceed with Trial by Jury to Present Factual Evidence that Proves All Exhaustion(s); Have Been Lawfully Secured" (Doc. 55) and a document titled "Plaintiff Response to Rand Warning Regarding Opposing Summary Judgment" (Doc. 56).

On September 25, 2024, Plaintiff filed a document titled "Plaintiff's Notice Opposing Motion to Stay Discovery and to Modify the Discovery and Scheduling Order." (Doc. 57.)

## II. DISCUSSION

### *Defendants' Motion to Stay Discovery and to Modify Discovery Deadlines*

Defendants contend that because their pending motion for summary judgment alleging failure to exhaust administrative remedies may dispose of the entire action, the Court should grant the requested stay of "non-exhaustion-based" discovery pending a determination of the exhaustion motion. Defendants asserts it would be a waste of resources to require Defendants to respond to merits-based discovery requests in light of the pending motion. Defendants further contend the Court should vacate the remaining deadlines in its Discovery and Scheduling Order given the pending exhaustion motion; if the exhaustion motion is denied, the deadlines for the completion of discovery and the filing of dispositive motions can be reset.

Plaintiff opposes Defendants' motion to stay, and contends that the Court should set the matter for trial so he may exercise his "right clause to due process for factual evidence to be heard by a[] jury of [his peers] according [to the] Federal Rules of Civil Procedures." (Doc. 57 at 1.) Plaintiff states the Court should "order all discovery unrelated and related to issue of exhaustion not to modify the discovery and scheduling order," (*Id.* at 2), and the Court should protect his "U.S. Constitutional right clause and laws as well as protecting the Plaintiff's civil right and civil liberties" (*Id*).

### Analysis

The district court "has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997) (citing *Landis v. North American Co*., 299 U.S. 248, 254 (1936)). "Generally, stays should not be indefinite in nature." *Dependable Highway Exp., Inc. v. Navigators Ins. Co*., 498 F.3d 1059, 1066-67 (9th Cir. 2007).

If a stay is especially long or its term is indefinite, a greater showing is required to justify it. *Yong v. I.N.S.*, 208 F.3d 1116, 1119 (9th Cir. 2000). The party seeking the stay bears the burden of establishing the need to stay the action. *Clinton*, 520 U.S. at 708.

When considering a stay of proceedings, a court must the weigh competing interests that will be affected by the grant or refusal to grant a stay, including: (1) the possible damage which may result from the granting of a stay; (2) the hardship or inequity which a party may suffer in being required to go forward; and (3) the orderly course of justice measured in terms of simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay. *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir.1962) (citing *Landis*, 299 U.S. at 254-55)).

Here, there is little risk from granting a stay of this action. Discovery has only recently commenced and a stay of these proceedings will merely suspend the discovery period until a ruling is issued on the pending exhaustion motion.[1] If the motion for summary judgment is denied, the Court will issue an amended discovery order with new deadlines. If the motion is granted, the action would be dismissed. As such, no party will be disadvantaged by the requested stay. Regarding the hardship or inequity a party may suffer by being required to go forward, the Court finds Defendants would suffer hardship by having to proceed with merits-based discovery and meet the deadlines previously imposed before their motion is decided.[2] Finally, the Court finds the orderly course of justice favors a stay of these proceedings because resolution of Defendants' pending motion for summary judgment may result in a dismissal of this action, and a stay of these proceedings would not complicate the issues, proof, or questions of law. *CMAX, Inc.*, 300 F.2d at 268. Defendants' requested stay of these proceedings is also limited to the period it will take for the Court to issue a final ruling on their motion, and is neither indefinite nor especially long. *Dependable Highway Exp., Inc.*, 498 F.3d at 1066-67; *Yong*, 208 F.3d at 1119.

[1] Defendants' motion has been referred to the undersigned pursuant to 28 U.S.C. 636(b)(1)(B) and Local Rule 302. The undersigned will issue Findings and Recommendations on the motion in due course.

[2] This Court is one of the busiest district courts in the nation. All judges in this district carry heavy caseloads. Delays are unavoidable.

Plaintiff's opposition is unpersuasive. First, this matter is not ready to be set for trial. Discovery must be completed before an action is set for trial. Second, Plaintiff's references to any purported violation of his due process rights are misplaced. Plaintiff was afforded the opportunity to file an opposition to Defendants' summary judgment motion and provide evidence supporting his position that he exhausted his administrative remedies prior to filing suit. Plaintiff filed a document titled "Plaintiff Response to Rand Warning Regarding Opposing Summary Judgment" on September 20, 2024.[3] (Doc. 56.) Plaintiff states he opposes dismissal of this action "to allow the Plaintiff to prove facts associated to case according to said federal, state, city, county application law to [his] right of the United States Constitution Amendments of the 5th, 6th and 14th Amendments" and his right to a fair and impartial trial. (*Id*. at 1.) In an accompanying declaration, Plaintiff states he is "continually being deprived of adequate medical attention," and addresses the merits of his claims rather than addressing the argument and evidence supporting Defendants' motion for summary judgment concerning exhaustion. (*Id*. at 2.)

Plaintiff is advised that pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The exhaustion requirement applies to all inmate suits about prison life, *Porter v. Nussle*, 534 U.S. 516, 532 (2002) (quotation marks omitted), regardless of the relief sought by the prisoner or the relief offered by the process, *Booth v. Churner*, 532 U.S. 731, 741 (2001), and unexhausted claims may not be brought to court, *Jones v. Bock*, 549 U.S. 199, 211 (2007) (citing *Porter*, 534 U.S. at 524). The failure to exhaust in compliance with section 1997e(a) is an affirmative defense, and the defendants bear the burden of raising and proving the absence of exhaustion. *Jones*, 549 U.S. at 216; *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014) (en banc), *cert. denied*, 135 S.Ct. 403 (2014). "In the rare event that a failure to exhaust is clear from the face of the complaint, a defendant may move for dismissal under Rule 12(b)(6)." *Albino*, 747 F.3d at 1166. Otherwise, the defendants must produce evidence proving the failure to exhaust and they are entitled to summary

---

[3] Any reply to Plaintiff's opposition is due no later than October 4, 2024.

judgment under Rule 56 only if the undisputed evidence, viewed in the light most favorable to the plaintiff, establishes a failure to exhaust. *Id.* In sum, Defendants may assert that Plaintiff has failed to exhaust administrative remedies by way of a motion for summary judgment. If the Court determines that Plaintiff did not properly exhaust his administrative remedies, the action must be dismissed because unexhausted claim may not be brought to court. *Jones*, 549 U.S. at 211; *Albino*, 747 F.3d at 1166.

Next, pursuant to Rule 16(b) of the Federal Rules of Civil Procedure, a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). This good cause standard "primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc*., 975 F.2d 604, 609 (9th Cir. 1992). The court may modify the scheduling order "if it cannot reasonably be met despite the diligence of the party seeking the extension." *Id*. If the party was not diligent, the inquiry should end. *Id*. Here, Defendants have been diligent because their exhaustion motion was filed by the relevant deadline: August 21, 2024. (*See* Docs. 51 & 52.) The Court finds it appropriate to modify the discovery and scheduling order and will vacate the remaining deadlines to be reset at a later date in the event Defendants' motion is denied. *See, e.g., Warren v. Ndu*, No. 1:21-cv-00120-JLT-HBK (PC), 2024 WL 115354, at *1 (E.D. Cal. Jan. 10, 2024) (staying discovery and vacating discovery deadlines pending resolution of defendant's motion for summary judgment concerning exhaustion).

In sum, Defendants have met their burden of establishing the need to stay this action. *Clinton*, 520 U.S. at 708. Defendants have also established good cause to modify the scheduling order. *Johnson*, 975 F.2d at 609.

***Plaintiff's Motions Filed September 20, 2024***

Plaintiff asks the Court to set this matter for trial and he also appears to seek a trial on the issue of exhaustion. As previously discussed, this action is not ready to be set for trial on the merits of Plaintiff's claims. Discovery is ongoing and will be stayed pending resolution of Defendants' summary judgment motion regarding the issue of exhaustion. If the motion is denied, discovery concerning the merits of Plaintiff's claims will resume until completed. If the motion is granted, the action will be dismissed, and no trial will occur. *Jones*, 549 U.S. at 211.

Plaintiff is also advised that should the Court determine additional information is necessary to resolve the exhaustion question and Defendants' pending motion, it will set an evidentiary hearing to address any disputes. *Albino*, 747 F.3d at 1170-71. Otherwise, the motion will be decided on the pleadings in due course. *See* Fed. R. Civ. P. 56; Local Rule 230(*l*).

## III. CONCLUSION AND ORDER

Based on the foregoing, the Court **ORDERS** as follows:

1. Defendants' motion to stay (Doc. 53) is **GRANTED**;
2. Discovery is **STAYED** pending resolution of Defendants' summary judgment motion concerning exhaustion;
3. The deadlines for the completion of discovery and the filing of dispositive motions, as provided in the Discovery and Scheduling Order issued May 21, 2024 (Doc. 51), are **VACATED,** and will be reset later, if necessary; and
4. Plaintiff's motions filed September 20, 2024 (Docs. 54 & 55) are **DENIED**.

IT IS SO ORDERED.

Dated: **October 1, 2024**

/s/ *Sheila K. Oberto*
UNITED STATES MAGISTRATE JUDGE