UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL W. RANNELS,<br><br>    Plaintiff,<br><br>    v.<br><br>SMITH, et al.,<br><br>    Defendants. | Case No. 1:21-cv-00049-KES-SKO (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS TO GRANT DEFENDANTS' MOTION FOR SUMMARY JUDGMENT<br><br>Docs. 52, 60 |

    Plaintiff Daniel W. Rannels is a state prisoner proceeding pro se in this civil rights action brought pursuant to 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

    On January 27, 2025, the assigned magistrate judge issued findings and recommendations recommending defendants' motion for summary judgment be granted. Doc. 60. The findings and recommendations concluded that defendants had submitted competent evidence showing that plaintiff failed to exhaust his available administrative remedies and that plaintiff had failed to rebut defendants' evidence. *See id.* The parties were directed to file any objections within 14 days. *Id*. at 21. On February 11, 2025, plaintiff filed objections. Doc. 61.

    In accordance with the provisions of 28 U.S.C. § 636(b)(1), the Court has conducted a de novo review of this case. Having carefully reviewed the file, including plaintiff's objections, the Court concludes that the findings and recommendations to be supported by the record and proper

1 analysis.

2     In his objections, plaintiff argues for the first time that he exhausted his administrative
3 remedies. *See* Doc. 61 at 2–5. However, he does not specifically address the evidence that he
4 either failed to fully appeal administratively most of the grievances identified in the findings and
5 recommendations, or that, to the extent he appealed a grievance, it did not concern the claims at
6 issue in this action and did not refer to the defendants. *See id.* Plaintiff's failure to address the
7 contents and nature of any grievance he filed concerning his claims warrants adopting the
8 findings and recommendations in full.

9     Even if that were not the case, however, plaintiff does not provide any competent
10 evidence to support his assertions, and his objections are not signed under penalty of perjury.[1]
11 *Schroeder v. McDonald,* 55 F.3d 454, 460 n.10 (9th Cir. 1995) (pleading counts as "verified"
12 only if drafter states under penalty of perjury that contents are true and correct); *cf. Jones v.*
13 *Blanas*, 393 F.3d 918, 935 (9th Cir. 2004) (finding that, because plaintiff was proceeding pro se
14 and concluded his objections to magistrate judge's findings with signed statement attesting under
15 penalty of perjury to their truth, plaintiff's explanations qualified as evidence for purpose of
16 opposing summary judgment motion). Plaintiff's vague and unverified assertions are insufficient
17 to create a genuine dispute of material fact. *See Lear v. Navarro*, No. 1:21-CV-00600-KES-BAM
18 (PC), 2024 WL 3968390, at *6 (E.D. Cal. Aug. 28, 2024) (rejecting argument that plaintiff's
19 failure to exhaust should be excused, as plaintiff failed to provide any supporting evidence
20 beyond his own vague assertions that he mailed an appeal for final level of review that went
21 unanswered); *Rivera v. AMTRAK*, 331 F.3d 1074, 1078 (9th Cir. 2003) ("Conclusory allegations
22 unsupported by factual data cannot defeat summary judgment."). Plaintiff's remaining objections
23 fail to address the substance of the findings and recommendations. *See* Doc. 61.

24     Accordingly, defendants are entitled to summary judgment.

25 ///
26 ///
27
28 [1] The proof of service appended to the objections is signed under penalty of perjury, but the objections themselves are not. *See* Doc. 61 at 4, 5.

2

Based upon the foregoing,

1. The findings and recommendations issued on January 27, 2025, Doc. 60, are ADOPTED in full;
2. Defendants' motion for summary judgment, Doc. 52, is GRANTED; and
3. The Clerk of the Court is directed to enter judgment in defendants' favor, to terminate any deadlines, and to close this case.

IT IS SO ORDERED.

Dated:  July 23, 2025

UNITED STATES DISTRICT JUDGE