**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DANIEL W. RANNELS, | Case No. 1:21-cv-0049 KES SKO |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION AND RELATED RELIEF |
| v. | |
| SMITH, et al., | (Doc. 67) |
| Defendants. | |

Daniel Rannels asserted the defendants violated his civil rights while housed at the Sierra Conservation Center. *See generally* Doc. 28. Upon finding Rannels failed to exhaust his administrative remedies, the court dismissed the action without prejudice. Rannels moves for reconsideration pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, and to have the matter reopened. Doc. 67. For the reasons set forth below, the requests are denied.

**I.    RELEVANT BACKGROUND**

After being served with the operative pleading, Defendants moved for summary judgment, asserting that Rannels failed to exhaust his administrative remedies prior to initiating the action. Doc. 52. The magistrate judge found there were available administrative remedies and Rannels failed to exhaust his claims. Doc. 60 at 11-19. In addition, the magistrate judge found Rannels did not meet his burden "to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively

1

unavailable to him." *Id.* at 20, quoting *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014).  The magistrate judge recommended the Court grant the motion and dismiss the action.  *Id.* at 21. Rannels filed objections, which the court considered in performing a de novo review of the matter.  Doc. 64 at 1-2.  The court adopted the findings and recommendations and dismissed the action without prejudice.  Docs. 64, 65.

Following the entry of judgment, Rannels filed a "motion to vacate [and] notice of objection."  Doc. 67.  Rannels requests the court: (1) vacate the order adopting the findings recommendations; (2) set aside the judgment as void under Rule 60(b)(4) of the Federal Rules of Civil Procedure, or alternatively grant relief under Rule 60(b)(6); (3) deny the motion for summary judgment, and (4) set the matter for trial.  *Id.* at 4, 11.

## II.    RECONSIDERATION

Reconsideration of a prior order is an extraordinary remedy "to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F. 3d 877, 890 (9th Cir. 2000) (citation omitted); *see also Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008).  "A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (citations omitted, emphasis in original).

Rule 60(b) of the Federal Rules of Civil Procedure provides that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding." *Id.*  Rule 60(b) indicates such relief may be granted "for the following reasons:"

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic) misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

2

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).  Pursuant to the Local Rules, when filing a motion for reconsideration of an order, a party must show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."  Local Rule 230(j).

**III.    DISCUSSION AND ANALYSIS**

Rannels "objects to the court adopting of the findings and recommendation granting the Defendant's motion for summary judgment," asserting he "never consented to a magistrate judge exercising dispositive authority nor… waived the Constitutional right to trial by jury."  Doc. 67 at 1, 2 (emphasis omitted).  Rannels argues that because he did not consent to the jurisdiction of a magistrate judge, the court erred in relying upon a magistrate judge to address the dispositive motion for summary judgment.  *Id.* at 3-4.  He contends the court should grant relief pursuant to Rule 60(b)(4) or Rule 60(b)(6) and reopen the matter.  *Id.* at 4, 11.

**A.    Authority of a magistrate judge**

A magistrate judge is vested with the authority "to hear and determine any pretrial matter pending before the court" except motions "for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action."  28 U.S.C. § 636(b)(1).  Even with excepted and dispositive matters, a magistrate judge may "submit to a judge of the court proposed findings of fact and recommendations" to the district judge without the parties' consent.  28 U.S.C. § 636(b)(1)(B).

The magistrate judge did not act beyond the scope of her authority by issuing findings and recommendations.  Rannel's consent was not required for the magistrate judge to address the motion for summary judgment, because the magistrate judge did not issue a dispositional *order.  See* 28 U.S.C. 636(b)(1)(B); see *also Gallegos v. Cal. Dep't of Corr. & Rehab.*, 2023 WL

3

3168360, at *1 (E.D. Cal. Apr. 28, 2023) ("plaintiff's purported 'declination' to magistrate judge jurisdiction has no impact on the assigned magistrate judge's authority to issue findings and recommendations").

**B.      Relief under Rule 60(b)(4)**

"[A] void judgment is one so affected by a fundamental infirmity that the infirmity may be raised even after the judgment becomes final." *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 270 (2010).  Such infirmities are extremely rare, as they must be premised on "a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." *Id*. (citing *United States v. Boch Oldsmobile, Inc.*, 909 F.2d 657, 661 (1st Cir. 1990)).  To the extent Rannels argues a jurisdictional error related to the actions of the magistrate judge, his arguments are unavailing.  In addition, he does not identify any violation of due process that deprived him of the opportunity to be heard, because he was able to oppose the motion for summary judgment and file objections to the findings and recommendations.  Thus, Plaintiff does not show the judgment is void or that relief is appropriate under Rule 60(b)(4).

**C.      Relief under Rule 60(b)(6)**

Plaintiff contends that relief is also appropriate under Rule 60(b)(6), which authorizes a court to reopen a case for "any" reason that that justifies relief, that is not enumerated in Rule 60(b)(1)-(5).  Fed. R. Civ. P. 60(b)(6).  Nevertheless, courts apply Rule 60(b)(6) only in "extraordinary circumstances." *BLOM Bank SAL v. Honickman*, 605 U.S. 204, 211 (2025).  Rannels does not identify any such circumstances in this matter, where the magistrate judge acted within the authority granted under 28 U.S.C. § 636(b)(1)(B), and the court performed a de novo review of the dispositive issue prior to adopting the findings and recommendations.

///

///

///

///

///

///

4

**III.    CONCLUSION AND ORDER**

For the reasons set forth above, Rannels fails to show reconsideration is appropriate under Rule 60(b).  Accordingly, the Court **ORDERS**:

1.    Plaintiff's motion for reconsideration and related relief pursuant to Rule 60(b) is **DENIED**.

2.    Plaintiff's motion to reopen the case and set it for trial is **DENIED.**

3.    **This action shall remain closed.**

IT IS SO ORDERED.

Dated:    February 4, 2026

_____
UNITED STATES DISTRICT JUDGE

5